UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC., <br> 1 Ashley Way <br> Arcadia, Wisconsin  54612 <br> <br> Plaintiff, <br> <br> v. <br> <br> AMERICAN SIGNATURE, INC. d/b/a VALUE CITY FURNITURE, <br> c/o Tod H. Friedman <br> 4300 East Fifth Avenue <br> Columbus, Ohio  43219 <br> <br> and <br> <br> VALUE CITY FURNITURE, INC. <br> c/o Irwin A. Bain <br> 1800 Moler Road <br> Columbus, Ohio  43207 <br> <br> Defendants. | Civil Action No. 11-427 <br> <br> JURY DEMAND ENDORSED HEREON |

## **COMPLAINT**

Plaintiff Ashley Furniture Industries, Inc. ("Plaintiff") complains against Defendants American Signature, Inc. d/b/a Value City Furniture and Value City Furniture, Inc. (collectively "Defendants") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for injunctive relief, money damages, costs and attorneys' fees arising from Defendants' violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (the "Copyright Act").

2. Plaintiff is a Wisconsin corporation having its principal place of business at 1 Ashley Way, Arcadia, Wisconsin 54612. Ashley is engaged in manufacturing, promoting and selling furniture.

3. On information and belief, Defendant American Signature, Inc. d/b/a Value City Furniture is a corporation organized and existing under the laws of the State of Ohio having its principal offices in Columbus, Ohio.

4. On information and belief, Defendant Value City Furniture, Inc. is a corporation organized and existing under the laws of the State of Ohio having its principal offices in Columbus, Ohio.

5. Upon information and belief, both Plaintiff and Defendants are in the business of manufacturing, distributing, offering for sale, and/or selling furniture throughout the United States, including in the state of Ohio and in this judicial district. Moreover, upon information and belief, Defendants have engaged in and directed the activities described herein within this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(a).

7. This Court has personal jurisdiction over Defendants because Defendants' headquarters are based in this judicial district and Defendants are doing substantial business in this judicial district, both generally and with respect to the allegations in this Complaint.

8. This Court has jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1338(a), as well as by virtue of 17 U.S.C. § 501.

**FACTUAL BACKGROUND**

9. Plaintiff is engaged in the manufacture, distribution, marketing and sale of high quality furniture throughout the United States.

10. Plaintiff advertises its furniture products throughout the United States via its website, www.ashleyfurniture.com, and periodically through various media.

11. The images of Plaintiff's furniture depicted on its website and in advertising materials are subject to copyrights owned by Plaintiff.

12. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-744-737, entitled, "San Lucas – Harness Sofa."  A copy of U.S. Copyright Registration No. VA1-744-737 is attached hereto as Exhibit A.

13. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-740-881, entitled, "Cordova Sofa – Gunsmoke."  A copy of U.S. Copyright Registration No. VA1-740-881 is attached hereto as Exhibit B.

14. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-704-878, entitled, "Durapella – Cocoa Sectional."  A copy of U.S. Copyright Registration No. VA1-704-878 is attached hereto as Exhibit C.

15. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-744-735, entitled, "Logan Stone – Sectional."  A copy of U.S. Copyright Registration No. VA1-744-735 is attached hereto as Exhibit D.

16. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-740-880, entitled, "Crawford Sofa – Chocolate."  A copy of U.S. Copyright Registration No. VA1-740-880 is attached hereto as Exhibit E.

17. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-740-757, entitled, "Braxton Sectional – Java."  A copy of U.S. Copyright Registration No. VA1-740-757 is attached hereto as Exhibit F.

18. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-744-736, entitled, "Janel Queen Sleigh Bed – Headboard/Footboard." A copy of U.S. Copyright Registration No. VA1-744-736 is attached hereto as Exhibit G.

19. Plaintiff is the owner of all rights, title and interest in U.S. Copyright Registration No. VA1-754-769, entitled "Marion Coffee Table with Stools." A copy of U.S. Copyright Registration VA1-754-769 is attached hereto as Exhibit H.

Plaintiff's Copyright Registration Nos. VA1-744-737, VA1-740-881, VA1-704-878, VA1-744-735, VA1-740-880, VA1-740-757, VA-744-736, and VA1-754-769 are referenced in this complaint as "Plaintiff's Copyrights."

20. Plaintiff recently discovered advertising materials both in the Defendants' stores and in advertisements circulated by Defendants outside of their stores that contain exact copies of the images that are the subject of Plaintiff's Copyrights. Those copyrighted images appeared to have been downloaded from Plaintiff's website and copied onto Defendants' in-store and external advertising.

21. The allegations of this paragraph are made upon information and belief. The images that are the subject of Plaintiff's Copyrights appeared on Defendants' in-store materials in what appeared to be professionally prepared marketing materials. These marketing materials were used throughout Defendants' chain of Value City Furniture stores. Defendants have been wrongfully using Plaintiff's Copyrights for purposes of engaging in various types of unfair competition for purposes of selling Defendants' goods and services. More particularly, it is believed that Defendants have been using the name recognition and goodwill associated with Plaintiff and Plaintiff's products and name to attempt to sell its own products and services. Plaintiff's Copyrights were therefore used in an advertising campaign orchestrated by officers

and/or employees of Defendants from Defendants' headquarters to trade on the name recognition and goodwill of Plaintiff and Plaintiff's products.

22. Defendants' use of Plaintiff's Copyrights is unmistakable, as details in the photographs used in Defendants' materials are identical to the photographs submitted to the copyright office in connection with Plaintiff obtaining Plaintiff's Copyrights. For example, the placement of a throw on the photograph of Plaintiff's Logan Stone – Sectional used by Defendants is identical to the placement show in the specimen submitted to the Copyright Office in connection with obtaining U.S. Copyright Registration No. VA1-744-735.

23. Upon information and belief, Defendants have repeatedly used exact copies of one or more of the images that are the subject of Plaintiff's Copyrights in in-store advertisements and marketing material referencing Plaintiff within its chain of stores without the authorization or approval of Plaintiff.

24. Upon information and belief, Defendants' use of Plaintiff's Copyrights has been extensive, resulting in many different iterations of in-store advertisements as well as advertisements circulated outside the stores.

25. Upon information and belief, Defendants' use of Plaintiff's Copyrights has been solely for the commercial purpose of furthering sales of Defendants' goods and services.

26. Upon information and belief, Defendants have misappropriated the entirety of Plaintiff's Copyrights in Defendants' advertising.

27. Plaintiff is currently investigating whether Defendants also copied the design of fabrics used in the furniture depicted in Plaintiff's Copyrights. Plaintiff anticipates that this investigation will be the subject of discovery in this action.

## CLAIM FOR
## COPYRIGHT INFRINGEMENT

28.     Plaintiff repeats and incorporates by reference the allegations contained in the paragraphs above.

29.     Plaintiff's Copyrights are original designs and copyrightable subject matter under the laws of the United States.

30.     Plaintiff has complied with all the applicable requirements of the Copyright Act to secure its rights in and to Plaintiff's Copyrights.

31.     At all times relevant to this action, Defendants had access to Plaintiff's Copyrights via Plaintiff's website and widely available advertising materials.

32.     Defendants have used exact copies of the images claimed in Plaintiff's Copyrights on its advertising materials, and upon information and belief, obtained these images from Plaintiff's website for the express purpose of copying and using them in advertising materials.

33.     By its actions alleged above, Defendants have infringed and will continue to infringe Plaintiff's Copyrights.

34.     Upon information and belief, Defendants' infringing activities alleged herein are and have been willful as that term is used in 17 U.S.C. § 504(c)(2).

35.     Defendants' copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Plaintiff repeated and irreparable injury.  Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.  Therefore, Plaintiff is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, subsidiaries, representatives and assigns, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws, pursuant to 17 U.S.C. § 502.

36. As a direct and proximate result of Defendants' infringement of Plaintiff's Copyrights, Plaintiff has also suffered actual monetary damages.  Therefore, Plaintiff is entitled to recover from Defendants its actual damages and the profits of Defendant, pursuant to 17 U.S.C. § 504(b).

37. Defendants are not, and have never been, authorized to use Plaintiff's Copyrights.  Defendants do not purchase any product or service from Ashley or its licensees.  Defendants also do not sell or provide any product or service of Ashley or its licensees.

38. Upon information and belief, Defendants' use of Plaintiff's Copyrights was with the intent to trade off of the resounding consumer goodwill in Plaintiff's name and products.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Preliminarily and permanently enjoining Defendants and their officers, directors, agents, employees, subsidiaries, representatives and assigns, and all persons acting in concert with them, from directly or indirectly infringing, in any manner, Plaintiff's exclusive rights in any present or future copyrighted designs or trade dress, and from inducing, aiding, causing or materially contributing to any such infringement;

(2) Defendants be required to deliver up to be impounded during the pendency of this action, and thereafter to deliver up for destruction, all materials bearing the infringing images;

(3) Defendants be required to pay to Plaintiff such damages, as Plaintiff may have sustained as a consequence of Defendants' copyright infringement and any additional profits of Defendants with prejudgment interest;

(4) Defendants be required to pay Plaintiff costs and reasonable attorneys' fees incurred in this action; and

(5) Award such other or further relief as the Court may deem just and proper;

## JURY DEMAND

Plaintiff requests a jury of the maximum number allowable by law on all issues so triable.

Respectfully submitted,

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (*Trial Attorney*)
Katheryn M. Lloyd (0075610)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone:  614-365-4100
Facsimile:  614-365-9145
carpenter@carpenterlipps.com
lloyd@carpenterlipps.com

OF COUNSEL:

Charles A. Burke
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina  27101
Telephone:  (336) 721-3625
Facsimile:  (336) 733-8416
cburke@wcsr.com

Thomas J. Wimbiscus
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, Illinois  60661
Telephone:  (312) 775-8000
Facsimile:  (312) 775-8100
twimbiscus@mcandrews-ip.com

*Attorneys for Plaintiff Ashley Furniture Industries, Inc.*