UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHLEY FURNITURE INDUSTRIES INC.**,

    **Plaintiff,**

v.

**AMERICAN SIGNATURE, INC.,** *et al.***,**

    **Defendants.**

Civil Action 2:11-cv-00427
Judge Michael H. Watson
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Rule 56(d) Motion to Defer Summary Judgment Motions Until After the Close of Discovery (ECF No. 26) and Defendants' Motion to Stay Discovery Pending Decision on their Motion for Summary Judgment (ECF No. 30).  Plaintiff argues it is entitled to discovery under Federal Rule of Procedure 56(d) before responding to Defendants' Motion for Summary Judgment.  Defendants, on the other hand, maintain that this Court should not allow any discovery until it reaches a decision on the pending dispositive motion.  For the reasons that follow, the Plaintiff's Rule 56(d) Motion to Defer Summary Judgment is **GRANTED** to the extent that it will allow discovery before resolving Defendants' pending Motion for Summary Judgment.  Additionally, Defendants' Motion to Stay Discovery is **DENIED**.

### I.  BACKGROUND

Plaintiff, Ashley Furniture Industries Inc., and Defendant American Signature, Inc. ("American Signature"), are businesses engaged in selling furniture throughout the United States.  American Signature operates a chain of furniture stores under the business name of

Value City Furniture.  Plaintiff filed its Complaint in this action on May 17, 2011, bringing claims of copyright infringement pursuant to 17 U.S.C. § 101 *et seq*.  In its Complaint, Plaintiff maintains that Defendants used several of Plaintiff's copyrighted images in their marketing materials.  Plaintiff contends that through these actions, Defendants have attempted to benefit from Plaintiff's name recognition and goodwill in order to sell their own furniture.  Plaintiff seeks injunctive relief, monetary damages, costs, and attorneys' fees.

Defendants answered Plaintiff's Complaint on June 8, 2011.  On the same day, Defendants moved for summary judgment.  Defendants assert that even assuming Plaintiff "owns valid copyrights and that American Signature copied the protectable elements of those copyrights" American Signature's actions constituted a fair use of the copyright protected works pursuant to 17 U.S.C. § 107.  (Mot. Summ. J. 8–9, ECF No. 17.)  Defendants contend that the advertisements in question are examples of comparative advertising allowable under the principles of fair use.  Defendants maintain, in the alternative, that even assuming Plaintiff survives summary judgment on its copyright claims, Plaintiff is precluded from seeking statutory damages pursuant to 17 U.S.C. § 504(c)(1) because Plaintiff did not register the copyrighted works until after the alleged infringement began.

In moving for summary judgment, Defendants stress that the parties were involved in a previous lawsuit in the Northern District of Illinois, which Plaintiff filed in August 2010.  In this lawsuit, Plaintiff brought claims for false advertisement, unfair competition, and trademark infringement.  Defendants maintain this action was based on the same advertisements involved in this case.  Upon Plaintiff's oral motion, that court dismissed the lawsuit without prejudice so that Plaintiff could "take a fresh look at" its claims.  (Tr. 15, ECF No. 17-7.)  Defendants have

attached the complaint and proposed first amended complaint from the Illinois lawsuit, which contain pictures of various Value City Furniture advertisements, to their Motion for Summary Judgment.

On July 8, 2011, Plaintiff moved for discovery pursuant to Rule 56(d).  Plaintiff highlights that fair use is a fact-sensitive inquiry and contends that discovery is necessary for it to respond to Defendants' Motion for Summary Judgment.  In an attached affidavit, Charles A. Burke, attorney for Plaintiff, outlines several categories of discovery Plaintiff maintains it needs before responding to Plaintiff's Motion for Summary Judgment.  Defendants assert that the Court may resolve the issue of fair use by referencing the advertisements Plaintiff set forth in the Northern District of Illinois action.  Consequently, Defendants request that the Court stay all discovery in this action until it resolves the pending dispositive motion.

## II. STANDARD

Under the Federal Rules of Civil Procedure, when a party is faced with a motion for summary judgment it may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."  Fed R. Civ. P. 56(d).  If the party meets this burden the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  *Id.*

As this Court has recently noted, "it is within the discretion of the district court whether or not to permit additional discovery under Rule 56(d)."  *Fletcher v. Sheets*, No. 2:09–CV–1130, 2011 WL 3861831, at *2 (S.D. Ohio Aug. 30, 2011) (citing *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425–26 (6th Cir. 2009)).  "The non-movant . . . has the burden of informing the district

3

court of his need for discovery." *Murphy v. Grenier*, 406 F. App'x 972, 976 (6th Cir. 2011). "Bare allegations or vague assertions of the need for discovery are not enough." *Summer v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Rather, the nonmovant must demonstrate "to the district court [its] need for discovery, what material facts [it] hope[s] to uncover, and why [it has] not previously discovered the information." *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 282 (6th Cir. 2005) (internal quotations omitted). Finally, the United States Court of Appeals for the Sixth Circuit has emphasized that "[t]ypically, when the parties have no opportunity for discovery, denying the [Rule 56(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

### III.  ANALYSIS

Here, Defendants' Motion for Summary Judgment relies on the affirmative defense of fair use. After examining the law of fair use, the Court finds, in its discretion, that Plaintiff is entitled to discovery.

**A.    Fair Use**

The doctrine of fair use is designed "to ensure courts 'avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster.'" *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007). Congress has specifically provided that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . ., scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. In making the fair use determination, the following factors are relevant:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

  (2) the nature of the copyrighted work;

  (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

  (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

  Fair use, within the meaning of Section 107, is a mixed question of law and fact, ultimately amounting to an "equitable rule of reason." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985) (internal quotations omitted).  Furthermore, the list of factors within Section 107 is non-exhaustive.  *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 537 (6th Cir. 2004).  Accordingly, in assessing fair use, "[t]he task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis."  *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994).  Fair use is an affirmative defense.  Therefore, the party asserting fair use carries the burden of proof.  *Princeton Univ. Press v. Michigan Document Servs., Inc.*, 99 F.3d 1381, 1390 n.5 (6th Cir. 1996).

  Some federal courts have addressed the fair use doctrine within the context of comparative advertising.  For example, both the Fifth and Ninth Circuit have indicated that, under certain circumstances, comparative advertising may constitute fair use.  *Sony Computer Entm't Am., Inc. v. Bleem, LLC*, 214 F.3d 1022, 1030 (9th Cir. 2000) (concluding that the use of comparative "screen shots" of video games for the purposes of advertising was fair use); *Triangle Publ'ns, Inc. v. Knight-Ridder Newspapers, Inc.*, 626 F.2d 1171, 1175–78 (5th Cir. 1980) (holding that fair use defense applied to advertisements featuring a side by side

comparison of a "TV Guide" cover with a competing TV supplement to demonstrate the larger size of the competing booklet). Both of these cases suggest that, to constitute a fair use of the copyright involved, comparative advertisements must not be misleading. *See Sony Computer*, 214 F.3d at 1027, 1030 (emphasizing that the plaintiff did not contend that the screen shots involved were "untruthful or deceptive" and reasoning that "[t]he entire premise of comparative advertising is that the consumer is being made aware of the true choices"); *Triangle Publ'ns*, 626 F.2d at 1176 (indicating that the result may have been different if the advertiser was "attempt[ing] to palm off" the competitor's product as its own). At least two district court decisions, however, have shown more reservation in applying the fair use doctrine when the purpose of comparative advertising is to demonstrate the similarity or sameness of products. *See Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753, 762–64 (N.D. Ind. 2010) (refusing to decide the issue of fair use at the pleadings stage and noting "what makes this analysis a potentially close call is that the product the Defendant advertises for sale is one for which the floor plan is represented to be exactly the same as that of the [Plaintiff]"); *Southco, Inc. v. Kanebridge Corp.*, No. CIV. A. 99–4337, 2000 WL 21257, at *6 (E.D. Pa. Jan. 12, 2000) (concluding, at the preliminary injunction stage, that use of copyright in comparative advertising was not fair use in part because "[the defendant] seeks to show that their products are the same as, and no better than, those made by [the plaintiff]"), *re'vd on other grounds* 258 F.3d 148 (3rd Cir. 2001).

      Finally, the Federal Trade Commission recognizes the benefits of comparative advertising:

> The Commission has supported the use of brand comparisons where the bases of comparison are clearly identified. Comparative advertising, when truthful and

> nondeceptive, is a source of important information to consumers and assists them in making rational purchase decisions. Comparative advertising encourages product improvement and innovation, and can lead to lower prices in the marketplace.

16 C.F.R. § 14.15(c). As this language plainly states, however, an important component of comparative advertising is that it is truthful and not misleading.

**B.     Discovery is Appropriate in this Case**

Despite the prolific briefing on the matter, the Court will attempt to resolve this discretionary issue in a clear and concise fashion.  Given the circumstances of this case, Plaintiff is entitled to discovery prior to the Court's resolution of the pending Motion for Summary Judgment.  Application of the fair use doctrine is fact intensive and requires the Court to conduct an equitable case-by-case analysis.  Furthermore, to the extent this case hinges on fair use of comparative advertising, whether the subject advertising was truthful and not misleading becomes a relevant concern.  In this case, Plaintiff's Complaint alleges that Defendants have wrongfully used eight different copyrighted images.  Defendants contend that any use of these images was fair.  In order to respond to this contention, at the very least, Plaintiff is entitled to discovery regarding the scope of Defendants' use of the copyrighted images as well as the general context in which Defendants used the images.  Assessing how far any use of Plaintiff's copyrighted images extended, and the circumstances of such use, will be relevant to the Court's determination, generally, of whether any use was fair, and more specifically, whether the comparative advertising in question was untruthful or misleading.[1]

---

[1] Defendants have also moved for summary judgment based on the theory that Plaintiff is not entitled to statutory damages.  The parties disagree as to whether discovery is necessary for resolution of this issue.  Because the Court finds that discovery is necessary as to the broader defense of fair use, it is unnecessary to decide whether discovery is appropriate on this more limited issue.  Even assuming the Court were to grant summary judgment on this alternative

Defendants appear to argue that Plaintiff's action is necessarily confined to the Value City Furniture advertisements Plaintiff identified in its earlier Northern District of Illinois lawsuit.  The Court finds no support for this premise.  A fair reading of Plaintiff's Complaint indicates that the current copyright infringement suit is based on all of the alleged instances in which Defendants have used the eight copyrighted images in question.  To determine whether Defendants' use of these images was fair, Plaintiff is entitled to discover the full extent of the alleged use.  The previous lawsuit involved different claims and was ultimately dismissed without prejudice.  It does not control the scope of the current action.

Finally, Defendants' request to deny Plaintiff's Rule 56(d) Motion on vagueness grounds is without merit.  In support of its Motion, Plaintiff submitted the Declaration of Attorney Charles A. Burke.  Mr. Burke emphasizes that Plaintiff does not currently know the full extent of Defendants' activities involving the images at issue, because it has not yet had an opportunity for discovery.  Additionally, Mr. Burke identified seventeen categories of facts Plaintiff intends to uncover that it believes are relevant to the issue of fair use.  For the reasons detailed above and based on a review of the fair use doctrine, the Court finds it readily apparent that at least some of these categories, such as the scope of Defendants' use of copyrighted photographs, have the potential to materially influence the Court's summary judgment determination.  Under these circumstances, the Court finds that the affidavit presented in support of Plaintiff's Motion is sufficiently specific to satisfy Rule 56(d) requirements.

---

theory without allowing discovery, the case would continue as to Plaintiff's other claims for relief.  Accordingly, for the purposes of judicial economy, the Court will refrain from reaching this issue.

## IV.  CONCLUSION

For the above reasons, Plaintiff's Rule 56(d) Motion to Defer Summary Judgment (ECF No. 26) is **GRANTED** to the extent that discovery is appropriate before resolving Defendants' pending Motion for Summary Judgment.  Because at least some discovery is necessary prior to the resolution of the Motion for Summary Judgment, Defendants' Motion to Stay Discovery (ECF No. 30) is **DENIED**.  The Court does not determine at this time whether there is some practical and efficient way for the parties to phase discovery in this case.  Ideally, the parties will be able to work together to resolve this issue in light of this Opinion and Order.  The Court will discuss how discovery will proceed at the Pretrial Conference currently scheduled for October 4, 2011.  Unless and until the Court requests otherwise, the parties should not submit any further briefing on these issues.

Finally, the parties' briefing suggests that the parties disagree as to whether certain information is discoverable.  Recognizing the interests of judicial restraint and economy, the Court has purposely refrained at this time from reaching discovery issues beyond its Rule 56(d) determination.  The Court expects the parties to work together to resolve discovery disputes informally before seeking judicial intervention.  Nevertheless, nothing in this Opinion and Order should be construed as precluding the parties from relying on the protections that the Federal Rules of Civil Procedure afford.

**IT IS SO ORDERED.**

Date: September 19, 2011                                          /s/ *Elizabeth A. Preston Deavers*
                                                                                    Elizabeth A. Preston Deavers
                                                                                    United States Magistrate Judge