UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SIGNATURE, INC. d/b/a VALUE CITY FURNITURE, *et al.*, <br><br> Defendants. | Case No. 2-11-cv-00427 <br> Judge Michael A. Watson <br> Magistrate Judge Preston Deavers |

## STIPULATED PROTECTIVE ORDER

The Parties agree that this action may involve the production or disclosure of confidential, sensitive or proprietary business, technical, or personal information (collectively referred to as "Confidential Information"), and pursuant to Rule 26 of the Federal Rules of Civil Procedure hereby stipulate, subject to approval of the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure the continued confidentiality thereof and that no competitive advantage is obtained by any person.

1. This Protective Order shall govern the production or disclosure of any record or information designated as Confidential Information and produced by a party or its agent ("Furnishing Party") to another party ("Receiving Party") during the course of discovery, pretrial proceedings, or trial in this suit, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery

("Confidential Materials"). In addition, the parties contemplate that Confidential Information may be produced by non-parties. This Protective Order shall also govern any designated record or information produced in this action pursuant to required disclosures under any state, federal or foreign procedural or local rule, and any supplementary disclosures thereto. This Protective Order shall apply to the two categories of Confidential Information listed below in Paragraph 2.

2. In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

> "CONFIDENTIAL" means non-public testimony, information, documents, and data that constitute confidential business, technical, or personal information.
>
> "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means non-public testimony, information, documents, and data that constitute confidential business or technical information, which is reasonably considered by the Furnishing Party to be highly sensitive because it contains proprietary business or competitive information.

Information shall not be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY if the content or substance thereof (a) is, at the time of disclosure, generally available to the public in print or other tangible form through no act or failure to act on the part of the Receiving Party, or (b) becomes, at any time, through no act or failure to act on the part of the Receiving Party, generally available to the public in print or other tangible form.

3. Any documents, material or information may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the documents or by otherwise conspicuously indicating the appropriate designation on the material or information prior to production. While each page of a confidential document and its attachments should be marked, it shall be assumed that a confidential designation on the first page of a document indicates the same confidential designation for the entire document and its attachments, unless otherwise noted. Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days of the receipt of the transcript. The parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL-ATTORNEY'S EYES ONLY for thirty (30) days after receipt of the transcript, unless the party giving the deposition expressly provides otherwise.

4. All Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose.

A. Confidential Information that has been designated "CONFIDENTIAL" shall be disclosed only to:

(1) Attorneys for each party (excluding in-house counsel) and their employees or contractors (such as photocopy services) who are assisting them in this action;

(2) Independent Experts who have been retained by the party or its attorneys for this action and have been disclosed pursuant to Paragraph 5 below,

3

provided that each Independent Expert first executes an "Acknowledgement" attached hereto as Exhibit A;

(3) The parties (including officers, directors, in-house attorneys, or employees of the parties) who require the information to assist in or evaluate this action, provided that they are advised of and bound by the provisions of this Protective Order;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(7) Graphics or design services retained by the parties or counsel who first execute an "Acknowledgement" attached hereto as Exhibit A.

B. Confidential Information that has been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY," shall be disclosed only to:

(1) Attorneys for each party (excluding in-house counsel) and their employees or contractors (such as photocopy services) who are assisting them in this action;

(2) Independent Experts who have been retained by the party or its attorneys for this action and have been disclosed pursuant to Paragraph 5 below,

4

provided that each Independent Expert first executes an "Acknowledgement" attached as Exhibit A;

(3) The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(6) Graphics or design services retained by the parties or counsel who first execute an "Acknowledgement" attached hereto as Exhibit A.

5. If any party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY to any testifying expert, it must first identify in writing the expert to whom it intends to give or disclose such documents or information to the attorneys for the other party, who shall have ten (10) days from receipt of such notice to object to disclosure to any of the experts so identified, setting forth in writing the reason for the objection. Such identification shall include, at least: (1) the full name and professional address and/or affiliation of the proposed expert; and (2) a current curriculum vitae identifying, at least, all other present employments or consultancies of the expert and employments or consultancies for the previous four (4) years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY information to the expert may move for an Order of the Court allowing the disclosure. In the

event objections are made and not resolved informally, disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY documents and information to the expert shall not be made except by Order of the Court. The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

6. The parties agree to designate Confidential Materials in good faith. If any party objects to the designation of any information or material as Confidential Material (the "Challenged Materials"), the party shall so state the objection by letter or statement on the record ("notice") to counsel for the person making the designation. Any such notice shall identify with specificity the Challenged Material to which the objection is directed. The objecting party is not required to immediately object to a confidentiality designation, and failure to immediately object does not waive the right to object to a designation in the future. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the Challenged Materials cannot be resolved within five (5) business days after the time notice is furnished, the objecting party may file an appropriate motion requesting that the Court rule that the Challenged Materials should not be subject to the protection invoked. The Challenged Materials will be treated in accordance with the challenged designation pending the Court's ruling on such motion.

7. Where only a part of the Confidential Material furnished or produced by a party or a part of the transcript of any deposition is designated as Confidential Material, counsel for the party receiving such Confidential Material or transcript shall redact Confidential Material before disclosing such Confidential Material or transcript to any person other than qualified persons as designated in Paragraph 4.

8.  Redactions from any information, materials or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such information, materials or transcript in evidence in this action.

9.  If any Confidential Material is discussed or quoted at any deposition, all persons other than qualified persons as designated in Paragraph 4 shall be excluded from such portion of the deposition.

10. A party may not file any Confidential Materials with the Court, or disclose the contents of any Confidential Materials in filings with the Court, unless the Court permits any such filing to be made under seal. A party desiring to file or make disclosure of Confidential Materials to the Court shall make a motion to the Court for leave to file under seal, and if such motion is granted then the moving party may submit Confidential Information to the Clerk of Court in a securely sealed envelope (or other securely sealed container) on which shall be endorsed the caption of this litigation, a descriptive title of the document, and the words "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER" as a conspicuous indication of the nature of the contents. Such Documents, Testimony, or materials which the Court permits to be filed under seal shall not be scanned by the Clerk or otherwise uploaded onto the Court's electronic filing system. Six months after final termination of the action, including all appeals, such Documents, testimony, or materials shall be handled in accordance with Local Rule 79.2.

11. If a third party provides deposition testimony or documents in this litigation, such third party may designate such information as Confidential Material in the same manner as if the third party were a party to this action and this Order. In addition, any party may likewise choose to designate any such third party information in accordance with this Order only if the information is confidential, sensitive or proprietary business, technical, or personal information of the

7

designating party that the designating party provided to the third party under a confidentiality agreement. All parties will treat such information or documents as Confidential Material pursuant to the terms of this Protective Order.

12. Notwithstanding anything herein to the contrary, if a Furnishing Party discovers that Confidential Material has been inadvertently produced without being marked with the appropriate designation, the Furnishing Party may notify the Receiving Party and require the Receiving Party to retrieve and return any unmarked or incorrectly marked Confidential Material and to substitute therefore appropriately marked Confidential Material, provided (i) that the Furnishing Party has initially taken reasonable measures to identify and designate the subject Confidential Material, and (ii) that the Furnishing Party notifies the Receiving Party promptly after learning of such inadvertent failure. Upon receipt of such notification from the Furnishing Party, the Receiving Party shall not thereafter disclose any such Confidential Material or any information contained therein to any persons who are not qualified persons as designated in Paragraph 4. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Confidential Material done prior to receiving notice of an inadvertent disclosure and provided that such use is otherwise consistent with the terms of this Protective Order.

13. In the event of an inadvertent disclosure of Confidential Material by a Receiving Party, the Receiving Party shall upon learning of the disclosure:

    (a)    immediately notify the party to whom the disclosure was made that it contains Confidential Material subject to this Protective Order;

    (b)    immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

    (c)    within five (5) days, notify the Furnishing Party of the identity of the person to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to recover the information and the steps taken to insure against the dissemination or use of the information.

14. If data or information has been extracted from a document which is subsequently reclassified pursuant to Paragraph 12 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent mis-designation of documents or Confidential Materials, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition.

15. If a Furnishing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Furnishing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The Receiving Party will immediately return the item or items requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information.

The party having returned such inadvertently produced item or items of information may, however, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal and Local Rules of Civil Procedure.

16. This Protective Order pertains only to Confidential Material provided by the party or third-party producing it and does not limit the use or disclosure of Materials which have been obtained by any party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

17. The parties agree that terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this action. Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the producing party all Confidential Information; except that Counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order.

18. Nothing in this Protective Order shall prevent any party from disclosing its own information that it has designated as confidential, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's obligations under this Protective Order except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

19. Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Protective Order nor do the parties waive any right to seek relief from the Court from any provision of this Protective Order at any time, by order or by stipulation.

20. Entering into this Stipulated Protective Order, producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of a producing party to object to the production of information.

21. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

22. The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity or of its admissibility in this action.

23. Each of the parties named above and their counsel of record undertakes to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

Signatures:

| | |
|---|---|
| /s/ Michael H. Carpenter | /s/ Marion H. Little, Jr. (w/ permission) |
| Michael H. Carpenter (0015733) | Marion H. Little, Jr. (0042679) |
| CARPENTER LIPPS & LELAND LLP | ZEIGER, TIGGES & LITTLE LLP |
| 280 Plaza, Suite 1300 | 41 S. High Street, Suite 3500 |
| 280 North High Street | Columbus, OH 43215 |
| Columbus, Ohio 43215 | Tel.: (614) 365-9900 |
| (614) 365-4100 Telephone | Fax: (614) 365-7900 |
| (614) 365-9145 Facsimile | little@litohio.com |
| carpenter@carpenterlipps.com | |
| | |
| Trial Attorney for Plaintiff Ashley Furniture Industries, Inc. | Trial Attorney for Defendants American Signature, Inc. and Value City Furniture, Inc. |

SO ORDERED, this the 12th day of January, 2012.

*Elizabeth Preston Deavers*
Magistrate Judge Preston Deavers

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN SIGNATURE, INC. d/b/a )<br>VALUE CITY FURNITURE, *et al.*, )<br>)<br>Defendants. )<br>) | **Case No. C2-11-cv-427**<br><br>**ACKNOWLEDGEMENT** |

    I, _____, hereby acknowledge receipt of a copy of the Stipulated Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than in connection with the instant action, and agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

    If I have been engaged by a party to serve as an expert in this lawsuit, I state that I am not currently or formerly employed by or affiliated with any party to this lawsuit or engaged as a consultant to any party to this lawsuit except in connection with this lawsuit. I will not otherwise become employed by, affiliated with, or engaged as a consultant to a party to this lawsuit at any time before settlement or entry of a non-appealable judgment.

    I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by

law. I hereby submit to the jurisdiction of the Federal District Court for the Southern District of Ohio, Eastern Division for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue with regard to the same.

_____  _____
Name                                                                                   Dated