UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHLEY FURNITURE INDUSTRIES, INC.,**

    **Plaintiff,**

v.

Civil Action 2:11-cv-00427
Judge Michael H. Watson
Magistrate Judge E.A. Preston Deavers

**AMERICAN SIGNATURE, INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 39.) Plaintiff seeks to amend its Complaint to add additional claims and to withdraw Value City Furniture, Inc., as a Defendant. Defendants maintain that the Court should deny Plaintiff's Motion because Plaintiff has been dilatory and seeks amendment in bad faith. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## I.  BACKGROUND

Although Plaintiff did not bring its current action until May 2011, the parties were involved in a prior action before the United States District Court for the Northern District of Illinois. In August 2010, Plaintiff brought claims against Value City Furniture, Inc., for false advertising, trademark infringement, false designation of origin and unfair competition, trademark dilution, and product disparagement under the Lanham Act.[1]  (Ex. 1, ECF No. 46-1.) Plaintiff also brought claims for deceptive trade and business practices under Illinois law as well

---

[1] Plaintiff would later attempt to amend its complaint. (Ex. 5, ECF No. 46-1.)

as a common law trademark infringement claim. (*Id.*) Upon Plaintiff's oral motion, the court dismissed the lawsuit without prejudice. (Tr. 15, ECF No. 17-7.)

Plaintiff brought this current action on May 17, 2011 alleging copyright infringement against Defendants American Signature, Inc. ("American Signature"), and Value City Furniture, Inc. On June 8, 2011, Defendants moved for summary judgment, maintaining that American Signature's use of the images in question constituted fair use. Plaintiff filed a Rule 56(d) Motion to Defer Summary Judgment, which the Court granted. The Court specifically permitted the parties to engage in discovery on the issues of fair use and comparative advertising prior to Plaintiff's response to the Motion for Summary Judgment. Discovery related to such issues is due to be completed on May 4, 2012, with dispositive motions to follow.[2]

On October 4, 2011, the Court held a preliminary pretrial conference to establish a case schedule. At the conference, Plaintiff requested a deadline for amendments to the Complaint. Accordingly, the Court set a deadline of January 4, 2012 for motions to amend the pleadings and/or to join or drop parties.

On January 4, 2012, Plaintiff filed its Motion for Leave to File Amended Complaint. Plaintiff seeks amendment in order to (1) include seven additional allegations of copyright infringement; (2) add new causes of action for trademark infringement and false advertising under the Lanham Act as well as a claim for false advertising under Ohio's Deceptive Trade Practices Act; and (3) to drop Value City Furniture, Inc. as a defendant. Plaintiff contends that leave to amend is proper because it has uncovered information in discovery that establishes grounds for its additional causes of action.

---

[2] On March 20, 2012, the Court denied Defendants' Motion for Summary Judgment without prejudice subject to re-filing on May 25, 2012.

2

Defendants oppose Plaintiff's Motion. Defendants maintain that Plaintiff's Complaint in the Northern District of Illinois action demonstrates that Plaintiff was aware of, and had all the information necessary to bring, its new claims prior to discovery in this case. Accordingly, Defendants accuse Plaintiff of bad faith by "holding back on filing their claims." (Mem. Opp'n 2, ECF No. 45.)

## II. STANDARD

Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). "Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotations omitted). "The decision whether or not to permit the amendment is committed to the discretion of the trial court." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

In considering these factors, the United States Court of Appeals for the Sixth Circuit has emphasized, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (internal quotations omitted). Rather, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (internal quotations omitted); *see also Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 944 (6th Cir. 2004) (holding, despite considerable evidence of dilatory conduct, that "the district court abused its discretion in denying leave to

amend on this ground because Defendants would not have been sufficiently prejudiced had the court permitted amendment").

### III.  ANALYSIS

The parties spend a considerable amount of time debating when Plaintiff possessed the information necessary to bring its new claims.  The Court finds only a brief discussion of this issue necessary.  Given the complaints Plaintiff filed in the Northern District of Illinois, it is likely that Plaintiff had the necessary information to bring at least some of its additional claims at the time it initially filed the instant action.  Nevertheless, in light of Plaintiff's representations and the information in the record, the Court does not doubt that Plaintiff uncovered evidence regarding these allegations, as well as its additional copyright claims, during the discovery process in this case.

Even assuming that Plaintiff had prior knowledge of its claims, the Court finds that the overall circumstances favor allowing amendment.  Defendants were not without notice of potential amendments in this case.  During the preliminary pretrial conference Plaintiff suggested that it might seek to amend its Complaint.  Accordingly, the Court set a January 4, 2012 deadline for the filing of motions for leave to amend.  Plaintiff met this deadline.  Furthermore, this is Plaintiff's first request to amend.  Under these circumstances, any delay on the part of Plaintiff does not weigh heavily against amendment.  *See Rogers v. Travelers Prop. Cas. Ins. Co.*, No. 1:10–CV–475, 2011 WL 1124406, at *2 (N.D. Ohio Mar. 25, 2011) (finding that the "dilatory" factor did not weigh against amendment when the plaintiff had filed its amended complaint within the Court's schedule).

More importantly, the Court finds no proof of bad faith or substantial prejudice in this case.  In contending that Plaintiff seeks amendment in bad faith, Defendants imply that Plaintiff

will gain some tactical advantage through amendment. It is unclear to the Court, however, what tactical advantage, or significant prejudice, will result from allowing amendment.[3] Although Defendants have moved for summary judgment on Plaintiff's current claims, the Court has denied the Motion without prejudice subject to refiling. Thus, a ruling on dispositive matters is not imminent. The Court, therefore, finds little merit to any contention that Plaintiff is "engaging in tactical maneuvers to force the court to consider various theories seriatim." *Indus. Assets, Inc. v. Capital Equip. Sales Co., Inc.*, 116 F.3d 1480 (Table), 1997 WL 359061, at *4 (6th Cir. June 26, 1997) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993)). Furthermore, Plaintiff's additional claims involve factual and legal issues that are similar to and implicated by its current copyright claims. Consequently, it is unlikely amendment will require Defendant American Signature to "conduct the defense in a substantially different manner . . . ." *Grant v. Target Corp.*, No. 2:10–cv–823, 2012 WL 871093, at *3 (S.D. Ohio Mar. 14, 2012).

The legal authority upon which Defendants rely in opposing Plaintiff's Motion for Leave is unpersuasive under the circumstances of this case. Defendants cite a series of cases addressing bad faith and dilatory conduct in the context of amending operative pleadings. These cases are all factually distinguishable from the current matter, and generally involve situations where the moving party's tactical motive was clear or the opposing party faced substantial prejudice by the amendment. *See, e.g.*, *Indus. Assets, Inc.*, 1997 WL 359061, at * 4 (holding that a plaintiff, who moved to amend in response to a summary judgment motion, acted in bad faith

---

[3] Of course, Defendants will suffer the inherent prejudice of having to defend against Plaintiff's new claims. This obligation to defend is not the type of undue prejudice typically considered in deciding whether to allow amendment. *See Grant v. Target Corp.*, No. 2:10–cv–823, 2012 WL 871093, at *2–3 (S.D. Ohio Mar. 14, 2012) (discussing "undue prejudice" within the context of a motion for leave to amend).

by failing to take advantage of an earlier opportunity to amend and instead relying on a previous "claim that it knew was improper, but which was more favorable than the appropriate cause of action"); *Wimm*, 3 F.3d at 141 (finding bad faith where the plaintiff failed to present new claims "until summary judgment was imminent"); *Sandcrest Outpatient Servs. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148–49 (4th Cir. 1988) (affirming denial of motion to amend because amendment would have forced the defendants to alter their litigation strategy and appeared "prompted only by the concern that [the plaintiff] would lose on the summary judgment motion").

Intertwined with their contentions regarding bad faith, Defendants also accuse Plaintiff of forum shopping by abandoning its trademark and false advertising claims in the Northern District of Illinois and attempting to revive these claims in this Court. The Court for the Northern District of Illinois, however, dismissed Plaintiff's action without prejudice and did not require that Plaintiff re-file any future action within that district. Indeed, although it had the inherent authority to do so, the Illinois Court imposed no conditions on the dismissal. Given the nature of dismissal, the prior action has little value in assessing whether the Court should allow Plaintiff to amend here.

Defendants also oppose the substance of Plaintiff's new claims. Although Defendants do not explicitly raise a futility argument, they assert that Plaintiff misrepresents the law with regards to its new claims. The Court declines Defendants' invitation to address the merits of Plaintiff's new claims at this initial juncture. Defendant American Signature is free to move for dismissal for failure to state a claim if it believes that Plaintiff's pleadings are inadequate under the applicable law.

Finally, the parties suggest in their briefing that they have encountered discovery

conflicts. Specifically, Defendants suggest that Plaintiff has improperly relied upon attorney-client privilege and the work-product doctrine to shield information from disclosure. Briefing on Plaintiff's Motion for Leave to Amend, of course, is not the proper mechanism for consideration of such issues. If the parties are unable to resolve discovery conflicts extrajudicially, they may seek an informal discovery conference with the Court or file an appropriate motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**. (ECF No. 39.) The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 39-1), as well as the attached exhibits, and to **TERMINATE** Defendant Value City Furniture, Inc., from this action.

**IT IS SO ORDERED.**

Date: March 27, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge